NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR GIOVANNI NERI VALDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3805

Agency No.
A240-173-335

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2025[**]

Before:     SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Edgar Giovanni Neri Valdez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review for abuse of discretion the agency's competency determination. *Calderon-Rodriguez v. Sessions*, 878 F.3d 1179, 1182-83 (9th Cir. 2018). We deny the petition for review.

The BIA did not err in its conclusion that Neri Valdez waived any challenge to the IJ's dispositive determination that his conviction under California Penal Code section 288(c)(1) constituted a particularly serious crime that barred him from asylum and withholding of removal. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Thus, Neri Valdez's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioner failed to show it is more likely than not petitioner will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

The BIA did not abuse its discretion in declining to remand for further inquiry into Neri Valdez's competency. *See Salgado v. Sessions*, 889 F.3d 982, 989 (9th Cir. 2018) ("[A]lleged poor memory without some credible evidence of an inability to comprehend or meaningfully participate in the proceedings does not

constitute indicia of incompetency.").

Neri Valdez's contentions regarding post-conviction relief and the validity of California Penal Code section 288(c)(1) for removal purposes are not properly before the court because he did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is not jurisdictional).

In light of this disposition, we need not reach Neri Valdez's remaining contentions. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**